**CHARLES UTZ and ROBERTA UTZ, Plaintiffs**

v.

**LEE CHUNG SOOK, et al., Defendants**

Civil Case No. 155-79

Superior Court of Guam

June 28, 1979

ABBATE, *Presiding Judge*

DECISION AND ORDER

This matter came before this Court, the Honorable Paul J. Abbate presiding, on June 6, 1979, on defendant Lee Chung Sook's Motion to Dismiss and Plaintiffs' Motion for default judgment, and on June 27, 1979, on defendant Agusto Paulino's Motion for summary judgments. Both defendants were represented by Timothy Stewart and the plaintiff was represented by John Dierking.

Defendant's motion to dismiss is based on an allegation of defective service on defendant Lee Chung Sook by service on her attorney-in-fact, Mr. Paulino. This motion is essentially the same as that raised previously by counsel for defendant by a motion to quash service, and was decided adversely to defendant in the Court's decision of April 3, 1979. The motion is therefore DENIED.

■ Defendant Paulino has moved for summary judgment in his favor on the grounds that he is not in possession of the premises. However, the affidavit by which he seeks to establish this fact was not served with the motion as required by Rule 6(d), or ten (10) days in advance of the hearing as required by Rule 56(c). In this case there is no prejudice to the plaintiff for the plaintiff does not seek to contradict the affidavit or allege that due to the shortened time he has been prejudiced in obtaining evidence to contradict the affidavit. (See Wright and Miller, Federal Practice and Procedure Civil Section 2719 (1973).) In fact, both parties have stated that based on such an affidavit they would stipulate to a dismissal, albeit on different terms. In this case either continuing the matter or denying the motion with leave to refile it would only serve to waste judicial resources, and as the plaintiff has claimed no prejudice to his rights, the summary judgment motion as to defendant Paulino is hereby GRANTED.

■ The final motion outstanding in this matter is plaintiffs' motion for default judgment. Such a motion is addressed to the discretion of the Court (see Wright and Miller, Federal Practice and Procedure Section 2685 (1973)) and based on the record in this matter the motion is DENIED. The defendant is given ten (10) days from the date of this order to plead further.

SO ORDERED.